UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BRANDI BERKHALTER,           )
                             )
        Plaintiff,           )
                             )
                             ) CASE NO.:
v.                           )
                             )
                             )
APERION CARE ANGOLA, LLC     )
                             )
        Defendant.           )

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Brandi Berkhalter, a resident of Fremont Indiana at all material times to this Complaint.

2. The Defendant is Aperion Care Angola, LLC, a company doing business at 500 N. Williams Street, Angola Indiana, 46703. The registered agent is VCORP Services, LLC, 334 North Senate Avenue, Indianapolis, Indiana 46204. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the laws and public policies of the state of Indiana prohibiting employers from certain retaliatory terminations.

3. The Plaintiff was employed by the Defendant from April 8, 2019 until her wrongful termination on or about April 13, 2020. She performed within the reasonable expectations of the Defendant at all material times, and had no history of disciplinary actions prior to her wrongful termination. The Plaintiff held the position of business office manager at the time of separation from employment.

4. The year 2020 was the year of the Covid-19 pandemic began in Indiana. Since at least

1

February 2020, millions of people across America, including those in Indiana such as the Plaintiff, have shared safety concerns about the danger of exposure to the potentially debilitating and at times deadly virus. These safety concerns have been particularly urgent for people employed in jobs in the health care, medical, and rehabilitation facilities. The Plaintiff has been no exception. The business office in which she worked was within an assisted living facility operated by the Defendant.

5. In March 2020, the Plaintiff became increasingly concerned that given the condition of her work environment, she was likely to be exposed to and contract the Covid-19 virus, putting not herself at risk harm, and also others. This was before the development of vaccines against the potentially deadly disease. (The danger had been so serious, that on March 23, 2020 an emergency "stay at home" order was issued by Indiana's governor).

6. On March 24, 2020 the Plaintiff spoke to the Defendant's Executive Director ("ED") and asked to work from home on Mondays, Wednesdays, and Fridays in order to minimize the Plaintiff's exposure to the coronavirus and in order to accommodate the Plaintiff's newly arisen child care needs caused by the Coronavirus shutdown order. She also expressed concerns about workplace safety at the Defendant's facility, because she had observed rules regarding the use of face masks, and social distancing were not being enforced in the workplace.[1]

7. On March 26th, one of the Administrative Team members tested positive for the

---

[1] Pursuant to **I.C. Sect. 22-1-1-10** : "Every employer and place of employment under the jurisdiction of the department of labor created by this chapter shall:
(1) furnish employment that is safe for the employees therein;
(2) furnish and use safety devices, safeguards, methods, and processes reasonably adequate to render employment and place of employment safe; and
(3) do every other thing reasonably necessary to protect the safety of the employee."

2

coronavirus. Other staff were not given prompt notice, and the employees that had been exposed were not offered coronavirus testing. The Defendant also failed to notify residents and residents' family members of the likely coronavirus exposure.

8. On April 1, 2020 the Plaintiff learned that another Administrative Team member had been coughed on by an infected resident. In response to this news, the Plaintiff emailed the ED asking whether testing would be made available to herself and other employees that had likely been exposed. Plaintiff received no response.

9. The next day, the Plaintiff sent an additional email to the ED discussing her safety concerns that the facility's clinical staff had been congregating at the front office, did not wear masks, and were not social distancing. Following Plaintiff's April 2nd email, the ED posted memos on doors directing staff to social distance. The Defendant however, failed to enforce the directive.

10. Between April 2, 2020 and April 8, 2020, the Plaintiff observed and also was informed of additional incidence occurring in the facility, that demonstrated the Defendant was failing to take reasonable and necessary steps to protect her, her coworkers, and the Defendant's residents, from exposure to the coronavirus.

11. During the same time period, between March 24, 2020 and April 8, 2020, the Plaintiff spoke with the Defendant's Healthcare Administrator of her facility about her workplace safety concerns again, pertaining to the Defendant's failure to enforce reasonable safety measures to minimize the danger of contagion to the Plaintiff, her coworkers, and the Defendant's residents. The Plaintiff informed the Administrator that if the Defendant failed to enforce reasonable safety measures, the Plaintiff would be reporting the Defendant to the local county board of health.

12. On April 9, 2020 the Defendant's representative called the Plaintiff and told her the Defendant rejected requests that the Plaintiff and others in the business office had made to work remotely, and told the Plaintiff that if she did not continue to work every day in the building she normally worked in, she would be fired.

13. Later that same day, the Plaintiff contacted the Steuben County Department of Health ("SCDH") about the Defendant's unsafe work environment relating to the coronavirus danger, and her workplace safety concerns. The Plaintiff was told that the SCDH was going to investigate.

14. On about April 10, 2020, the Plaintiff informed her facility's Health Care Administrator that she had gone ahead and contacted the SCDH and reported her concerns about the Defendant's workplace safety issues.

15. On April 13, 2020 the Plaintiff went into work in the morning, and left at 12:30pm to work remotely until 4:30pm, at which time she could no longer log in to the Defendant's computer to work further. Later that evening, the Plaintiff herself became sick and contacted the ED to inform them that she was ill and would not be coming to work the next day, which was a Tuesday.

16. The Plaintiff received a voice mail message from the Defendant's corporate Human Resources office on Wednesday April 14, 2020. She returned the call, but was unable talk to anyone or leave a message.

17. After that, the Plaintiff learned that her position had been posted online as an open position, and on about Friday April 15, 2020 the Plaintiff received a letter from the Defendant stating they were claiming she had "voluntarily resigned". This was false, because the Plaintiff never quit nor resigned, but was fired.

18. The Plaintiff contends that the Defendant's proffered reason for the separation from employment was false and pretextual, and that in reality the Defendant retaliated against and terminated the Plaintiff for objecting to and then reporting to Defendant's unsafe work conditions to the Steuben County Department of Health.

19. The Plaintiff also contends that the Defendant's retaliatory termination of her was in violation of her rights under the laws and public policies of the state of Indiana, prohibiting certain retaliatory terminations.

20. The Defendant's unlawful retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job-related income, and also subjected the Plaintiff also to inconvenience, mental anguish, emotional distress, and other damages and injuries.

21. The Defendant's complained of conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff federally protected rights under the laws and public policies of the state of Indiana. Imposition of punitive damages (where available) and liquidated damages (where available) against the Defendant is appropriate.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, punitive damages, available, reasonable attorney's fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

## VERIFICATION

I affirm, under the penalties of perjury, that the above statements are true and correct to the best of my ability.

*Brandi Berkhalter*
Brandi Berkhalter

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/*Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
Email: cmyers@myers-law.com
*Attorney for Plaintiff*

6